# OFFICIAL LOCAL FORM 3

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF MASSACHSUETTS

## CHAPTER 13 COVER SHEET

| | | |
|---|---|---|
| Filing Date: | March 19, 2015 | Docket No.: 15-10683 |
| Debtor: | GLADYS MURRAY | |
| SS#: | xxx-xx-8690 | |
| Address: | 15 Arborfield Rd., Roslindale, MA | |
| Debtor's counsel: | **Roger Bertling** | |
| Address: | **Law Office of Roger Bertling** | |
| Telephone #: | **(617) 332-0304** | Facsimile #: **(617) 332-1116** |

ATTACHED TO THIS COVER SHEET IS A PRE-CONFIRMATION CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY THE DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE OR HAVE ALREADY RECEIVED A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS MEETING PURSUANT TO 11 U.S.C. SEC. 341, OR OF RELEVANT DEADLINES. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIM.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE SEC. 341 MEETING OR THIRTY (30) DAYS AFTER THE SERVICE OF AN AMENDED OR MODIFIED PLAN TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

OFFICIAL LOCAL FORM 3

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHSUETTS

PRE-CONFIRMATION CHAPTER 13 PLAN

Docket No.: 15-10683

Date: March 19, 2015

DEBTOR(S):

Gladys Murray                SSN: xxx-xx-8690

### 1. PLAN PAYMENT AND TERM:

Debtor shall pay monthly to the Trustee the sum of $1122.00 for the term of

__XX_ 36 months. 11 U.S.C. sec. 1325(b)(4)(A)(i);
_ _      60 months. 11 U.S.C. sec. 1325(b)(4)(A)(ii);
_____60 months. 11 U.S.C. sec. 1322 (d)(2). Debtor avers the following cause:


____months. Debtor states as reasons therefore:

### II.  SECURED CLAIMS

A. CLAIMS TO BE PAID THROUGH THE PLAN (INCLUDING ARREARS):

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| Santander Bank | 1st mortgage arrears | $16,500.00 |
| Boston Water & Sewer | utilities | $312.00 |
| Total of Secured Claims to be paid through the Plan: | | $16,812.00 |

A. CLAIMS TO BE PAID DIRECTLY TO CREDITORS (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| Santander Bank | first mortgage |

1

A. MODIFICATION OF SECURED CLAIMS:

| Creditor | Details of Modification | Amt. of Claim to Be Paid through Plan |
|---|---|---|

  A. None.

A. LEASES

  i. None.

  ii. Debtor(s) intend(s) to assume the residential/personal property lease claims of

    None.

  iii. The arrears under the lease to be paid under the plan are

    None.

### III.   PRIORITY CLAIMS:

  A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None. | | |

B.    Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| Internal Revenue Service | income tax | $1600.00 |

Total of Priority Claims to Be Paid Through the Plan:    $1600.00

2

### IV. ADMINISTRATIVE CLAIMS

A. Attorney fees (to be paid through the Plan):

Attorney fee- Law Office of Roger Bertling-                $500.00.

B. Miscellaneous fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|

None.

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee commission.

### V. UNSECURED CLAIMS:

General unsecured creditors shall receive a dividend of 100% of their claims.

A. General Unsecured Claims                                $3377.00

A. Unsecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|

None.

A. Non-Dischargeable Unsecured Claims:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|

None.

Total of Unsecured Claims (A+ B+C)                         $3377.00

A. Multiply total by percentage: 100%                      $3377.00

B. Separately classified claims (co-borrower, etc.)

3

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None. | | |

Total amount of separately classified claims payable at ___%    NA

## VI. OTHER PROVISIONS

A. Liquidation of assets to be used to fund plan:

    None

B. Miscellaneous Provisions:

1. Holders of allowed secured claims must apply all payments received from the Chapter 13 Trustee to cure pre-petition defaults.

2. Holders of allowed secured claims must apply all post-petition payments received directly from Debtor to post-petition obligations in accordance with the terms of the note and mortgage and/or security agreement, an in accordance with applicable non-bankrputcy law. No holder of an allowed secured claim may assess any penalty or late charge on respect of a post-petition payment made directly to such holder solely on the basis that the Debtor was, or was alleged to have been, in default under the terms of a note or mortgage and/or other security agreement on the date the petition in this case was filed.

3. This is a 'pot' plan, in which the total of all payments in respect of non-priority unsecured claims (including the unsecured portion of undersecured claims) is a constant amount. The percentage dividend stated in this Plan is an estimate based upon claims currently known to the Debtor and does not govern the amount of payments to non-priority unsecured creditors. Non-priority unsecured creditors are advised that they may receive more or less than the percentage dividend stated in this Plan.

## VII. CALCULATION OF PLAN PAYMENT

| | |
|---|---|
| A. Secured claims (Section I-A total) | $16,812.00 |
| B. Priority Claims (Section II total) | $1600.00 |
| C. Administrative Claims (Section III total) | $500.00 |

4

D.  Regular Unsecured Claims (Section IV-D total)     $3377.00

E.  Separately classified unsecured claims            $0.00

F.  **Total of (A ) through (E)**                     = **$22,289.00**

G.  (F) above divided by .90 for total cost of plan   = **$24,766.00**

**COST OF PLAN:**
This represents the total amount to be paid into the Chapter 13 Plan.

H.  Divide (G), Cost of Plan, by term of Plan 36 months

I.  Monthly plan payment rounded up to the nearest dollar     **$1122.00**

**Debtor estimates plan will require 22 months for completion.**

In compliance with 11 U.S.C. § 1326 (a)(1), unless the court orders otherwise, the Debtor shall commence making the payments proposed by a plan within (30) days after the petition is filed. Pursuant to 11 U.S.C. sec. 1326(a)(1)(C), debtor shall make pre-confirmation adequate protection payments directly to the unsecured creditor.

## VIII.  LIQUIDATION ANALYSIS

A.  Real Estate

| Address | Fair Market Value | Total Recorded Liens |
|---|---|---|
| 15 Arborfield Rd. Roslindale, MA | $312,000.00 | $287,000.00 |

Total Net Equity for Real Property:   $ 0.00
Less Exemptions (Schedule C):         $ 500,000.00
Available Chapter 7:                  $0.00

A.  Automobile(s) (describe year, make, model):   None

Value $NA    Lien $NA       Exemption $NA

Total Net Equity:              $0.00
Less Total Exemptions:         $0.00

Available Chapter 7:           $0.00

5

    A. All Other Assets (All remaining items on Schedule B): $3000.00

| | |
|---|---|
| Total Net Value: | $3450.00 |
| Less Exemptions (Schedule C) | $3450.00 |
| Available Chapter 7: | $0.00 |

    A.  Summary of Liquidation Analysis (total amount available under Chapter 7):
    A. + B. + C. of nonexempt equity equals $0.00
    A. Additional Comments regarding Liquidation Analysis: None.

Date: March 19, 2015

**IX  SIGNATURES:**

I declare under the penalties of perjury that the foregoing representations of fact are true and correct to the best of my knowledge or belief.

*[signature]*
Gladys Murray
Debtor

/s/ Roger Bertling
Roger Bertling
Debtor's Attorney
Address: 122 Boylston St.
       Jamaica Plain, MA 02130
Telephone No.: 617-390-2572
Email address: rbertlin@law.harvard.edu

### CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system on March 19, 2015 will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.  In addition, I certify that I caused a copy the foregoing to be served on the following by first-class mail on March 19, 2015:   all entities on the attached Service List.

6

/s/ Roger Bertling

/s/ Roger Bertling

ALLIANCE ONE
PO BOX 510987
LIVONIA, MI 48151-6987


BIDMC
PO BOX 3784
BOSTON, MA 02241-3784


BOSTON WATER & SEWER COMMISSION
980 HARRISON AVE.
BOSTON, MA 02119-9117


DIRECTV
CUSTOMER SERVICE
P.O. BOX 6550
ENGLEWOOD, CO 80155-6550


FIRST PREMIER BANK
PO BOX 5519
SIOUX FALLS, SD 57117-5519


HARMON LAW OFFICES
P.O. BOX 610389
NEWTON HIGHLANDS, MA 02461-0389


IC SYSTEMS
PO BOX 64378
SAINT PAUL, MN 55164-6437


INTERNAL REVENUE SERVICE
PO BOX 7346
PHILADELPHIA, PA 19101-7346


NSTAR
PO BOX 660369
DALLAS, TX 75266-0369


SANTANDER BANK
SINGEL POINT O FCONTACT
MAILCODE 10-421-MC3
450 PENN ST.
READING, PA 19602